IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN BYRON FRANKHOUSE,

   Plaintiff,

   v.

HARFORD COUNTY DETENTION
 CENTER, and
DEPUTY JOBE,

   Defendants.

Civil Action No.: JRR-23-2664

## MEMORANDUM OPINION

Plaintiff John Byron Frankhouse, a state inmate previously confined at the Harford County Detention Center ("HCDC") in Belair, Maryland, has filed this civil action pursuant to 42 U.S.C. § 1983 ("§ 1983") in which he alleges he was subject to excessive force. ECF 1. Defendants HCDC and Deputy Jobe filed a Motion to Dismiss the Complaint. ECF 14. Frankhouse was notified of his right to file a memorandum in opposition to the Motion (ECF 16), but he has not done so. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In his Complaint, Frankhouse alleges that on August 30, 2023, while he was incarcerated at HCDC, Deputy Jobe directed a number of racial slurs toward him and called other officers to the area, "claiming [Frankhouse] refused to return the empty plastic medicine cup to the nurse…" ECF 1 at 3. The responding officers struck Frankhouse with a taser, slammed him to the ground, and handcuffed him. *Id*. Deputy Jobe then "slammed his boot" into Frankhouse's back. *Id*. As the

other officers escorted Frankhouse out of the dorm, Jobe slammed Frankhouse's head into a steel door frame. *Id*. Frankhouse asserts that he was subjected to excessive force and police brutality. *Id*. As a result of this incident, he required stitches and suffered from swelling and soreness in his hand and back. *Id*. at 2-3. As relief, he asks for compensatory damages and injunctive relief. *Id*. at 5.

## DISCUSSION

In their Motion, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that: (1) HCDC is not capable of being sued; (2) Frankhouse has failed to state a plausible claim for relief; and (3) Defendant Jobe has not been added as a Defendant to this action.

**I.     Legal Standard**

A defendant may test the legal sufficiency of a plaintiff's complaint by way of a motion to dismiss under Rule 12(b)(6). *Nadendla v. Wake Med*, 24 F.4th 299, 304-05 (4th Cir. 2022); *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).  However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Frankhouse is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013).

3

**II.    HCDC**

Frankhouse names HCDC in this matter in name only and does not include any allegations against the facility. Moreover, HCDC is not a governmental entity, so it is not a "person" subject to suit under § 1983, which imposes liability upon a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws . . ." 42 U.S.C. § 1983; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 688, 690-92 & n.53 (1978) (noting that for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"). Additionally, a detention facility is not a "person" subject to suit under § 1983. *See Smith v. Montgomery Cnty. Corr. Facility*, No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Even if Frankhouse amended the Complaint to assert a claim against Harford County, rather than HCDC, the claim would fail. Frankhouse makes no allegations to state a § 1983 claim against a local government*, including, e.g.*, that a Harford County official acted pursuant to a governmental custom or policy violating his constitutional rights. *See Monell*, 436 U.S. at 694. Therefore, the claims against HCDC will be dismissed. *See* 28 U.S.C. § 1915A(b) (stating that a court must screen a prisoner's complaint against a governmental entity or employee and dismiss any claims that fail to state a plausible claim for relief).

**II.     Failure to State A Claim**

Defendants also assert that this case should be dismissed because Frankhouse fails to state a plausible claim for relief or to identify Jobe as a Defendant. Frankhouse brings this civil rights action pursuant to 42 U.S.C. § 1983, under which a plaintiff must establish:  (1) a deprivation of "a right secured by the Constitution and laws of the United States"; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, Frankhouse alleges that Defendant Jobe used excessive force in violation of his constitutional rights. Neither party explains whether Frankhouse was a pretrial detainee or a convicted inmate at the time of the relevant events.

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)). The protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)).

Liberally construed, Frankhouse asserts that Jobe used excessive force in violation of the Fourteenth or Eighth Amendments to the United States Constitution. "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). In turn, the Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee

against cruel and unusual punishment. U.S. CONST. amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016).

To prevail under the Fourteenth Amendment, Frankhouse must show that "the use of force is deliberate – *i.e.*, purposeful or knowing." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). "A pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97; *see also Dilworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016). Objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The court must "make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id.* at 397.

Under the Eighth Amendment, whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). The court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Frankhouse fails to list Jobe in the caption of his Complaint, however liberally construing the Complaint, at the time it was docketed Jobe was listed as a Defendant. While Frankhouse listed the names of other correctional staff who participated in the events complained of, Jobe is the only correctional officer to whom specific conduct is attributed. In construing the self-represented pleading, Jobe was included on the Court's docket, both in the caption of the Complaint and in the

docketing notes accompanying the electronic filing of the Complaint. *See* ECF 1. Moreover, counsel entered an appearance on behalf of Jobe and filed the Motion to Dismiss on behalf of Jobe. ECF 14 and 15. At a minimum, Frankhouse contends that after he was handcuffed, Jobe slammed his boot into Frankhouse's back, and thereafter, while Frankhouse was restrained and under escort, slammed his head into a steel doorframe. ECF 1 at 3. Liberally construing Frankhouse's pleadings, as the Court must, Frankhouse states a plausible claim for relief under both the Eighth and Fourteenth Amendment as to Defendant Jobe.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED IN PART and DENIED IN PART as follows: the claims against HCDC will be dismissed; the Motion will otherwise be denied. A separate Order follows.

Date: 12.10.2024                                          /S/

                                                          _____
                                                          Julie R. Rubin
                                                          United States District Judge