UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>Douglas R. Miller<br>United States Magistrate Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>MDD_DRMChambers@mdd.uscourts.gov<br>(410) 962-7770 |

February 20, 2026

To:       Counsel of Record

Subject:  *Frankhouse v. Jobe*
          Civil No. 1:23-cv-02664-DRM
          Re: ECF No. 48, Joint Letter Requesting Resolution of a Discovery Dispute

## LETTER OPINION & ORDER

Dear Counsel:

This Letter Opinion & Order, issued pursuant to my informal discovery dispute procedure, *see* ECF No. 38-1, addresses Plaintiff's request to compel production of certain video recordings ("the video"). For the reasons discussed below, I will order production of the video *prior* to Plaintiff's deposition by defense counsel. I will also grant Defendant's motion to depose the Plaintiff, who is incarcerated, by remote means. But I will defer doing so until the video has been produced, the parties have agreed on a date, and Defendant has submitted an updated proposed order with the agreed date and location.

I am in receipt of the parties' joint letter, ECF No. 48, and letter briefs, ECF Nos. 50 (Defendant) & 51 (Plaintiff). Because Plaintiff's Motion to Compel Production of Video Footage, ECF No. 47, was filed in contravention of my Standing Order on Discovery, ECF No. 38-1, I did not consider that filing. Rather, I will construe ECF No. 51 as Plaintiff's motion to compel.[1] I find that no hearing is necessary.

Plaintiff describes the video as follows:

> The incident that forms the basis of Plaintiff's complaint . . . involves injuries sustained by Plaintiff during his cell extraction and escort through [areas of the Harford County Detention Center]. The Plaintiff has alleged an assault committed by Defendant Deputy Jobe. The footage at issue shows most, if not all, of the relevant events and participants.

---

[1] I find that this remedy cures any prejudice to Defendant from Plaintiff's non-compliance with my Standing Order. Defendant also objects that Plaintiff failed to follow Local Rule 104.8(a) by delaying action for over 30 days and by not serving a draft Motion to Compel and accompanying Memorandum. ECF No. 50 at 4. However, I find that (1) my Standing Order implicitly replaces Local Rule 104.8(a); and (2) even if it did not, any prejudice was cured through the parties subsequently following the informal discovery dispute resolution procedure.

> . . . Plaintiff's counsel also filed a Request for the Production of Documents in which request number 2 specifically requested "[a]ll video and audio recordings of the incident, including surveillance footage of the hallway or corridor where the incident occurred."

ECF No. 51 at 1.

Defendant does not appear to dispute this characterization, nor does he appear to dispute that the video is subject to discovery. Rather, he contends that (1) he has already complied with his discovery obligations by allowing Plaintiff's counsel to view the video and take notes; or alternatively (2) he is permitted to delay delivery of a copy of the video until after he takes Plaintiff's deposition. ECF No. 50 at 2-4.

I disagree with Defendant's contention that he has already complied with Fed. R. Civ. P. 34(a)(1)(A) because "[t]he Video at issue here has been produced to Mr. Frankhouse's representative for inspection." ECF No. 50 at 2. Rule 34(a)(1)(A) states in relevant part:

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
>
>> (1) to produce and permit the requesting party or its representative *to inspect, copy, test, or sample* the following items in the responding party's possession, custody, or control:
>>
>>> (A) any designated documents or electronically stored information . . .

(Emphasis added.)

Defendant does not contend that Plaintiff's request for production of the video disclaimed his right to undertake any or all of the four italicized actions. Although Defendant produced the video for Plaintiff's representative to *inspect*, he did not permit Plaintiff's representative to *copy* it, as the Rule entitles Plaintiff to do. Accordingly, Defendant's obligations under Rule 34(a)(1)(A) have not been satisfied.

Defendant's second contention touches on an area in which the available authority is somewhat contradictory and not entirely grounded in the text of the Rules: whether audio and video recordings may be withheld until after a party's deposition to preserve their impeachment value, when those recordings also have a substantive use. Although not cited by either party, *Lively v. Reed*, No. 1:20-CV-119-MOC-WCM, 2021 WL 11691709 (W.D.N.C. Feb. 1, 2021) surveys some case law in the Fourth Circuit and elsewhere on this question. While the rule is by no means absolute, courts appear more inclined to permit temporarily withholding evidence whose impeachment purpose predominates, and less likely to permit withholding evidence whose substantive purpose predominates. An example of the former would be investigative video of a plaintiff engaging in post-accident activities inconsistent with her claimed injuries; an example of

the latter would be store security video showing the accident itself. *See Lively*, 2021 WL 11691709, at *2-3 (citing cases).

Having reviewed the cases cited by both parties, I am ultimately persuaded by Magistrate Judge Coulson's logic in *Ghazzaoui v. Anne Arundel County, Maryland*, No. ELH-14-1410, 2015 WL 13845451 (D. Md. Jan. 15, 2015), as well as the principal case he relies on, *DeHart v. Wal-Mart Stores, East, L.P.*, No. 4:05CV00061, 2006 WL 83405, at *1 (W.D. Va. Jan. 6, 2006). *Ghazzaoui* involved a civil rights action stemming from the plaintiff's arrest at his home. The plaintiff sought to withhold, until after the defendant police officers' depositions, home security video showing "some preliminary interaction between the [p]laintiff and the officers though not the alleged excessive force itself." *Id.* at *1.

In holding that the home security video should be produced prior to deposition, Judge Coulson considered the similar facts in *DeHart*.[2] The *DeHart* court held:

> The videotape in this instance documents the series of events that led to the alleged injury of the plaintiff on the date in question. It is certainly evidence that would be offered to establish the underlying facts surrounding the incident that occurred at the Martinsville Wal-Mart store. The impeachment value of this surveillance video appears minimal compared to its substantive value as what actually occurred on the date of the incident.

*DeHart*, 2006 WL 83405, at *2.

Judge Coulson held in *Ghazzaoui* that:

> The tape in this case is similar. While it apparently does not capture the core conduct at issue, it does show a preliminary interaction between the Plaintiff and officers which presumably will be relied upon by one side or the other as a relevant fact in the case. In that sense, it constitutes substantive evidence. The Court recognizes it also may have impeachment value, however it is not "pure" impeachment evidence and whatever element of "surprise" remains does not outweigh the Defendant's right to have a valid discovery request that has been outstanding for some time complied with in advance of the depositions. Accordingly, this Court orders its production prior to the depositions of the officers.

*Ghazzaoui*, 2015 WL 13845451, at *2.

---

[2] Judge Coulson noted that *DeHart* was among the cases cited in Magistrate Judge Day's comprehensive opinion in *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp.2d 431 (D. Md. 2006), on which Plaintiff also relies. In *Newsome*, however, the principal question was whether the evidence at issue was discoverable at all, an issue not in contention here. Because the Plaintiff in *Newsome* had already been deposed, Judge Day did not reach the issue of whether production could be delayed, although the opinion notes some case law on the topic. *Id.* at 438-39.

The video in the present case is, if anything, even more "substantive" than those in *Ghazzaoui* and *DeHart*. According to Plaintiff, and not here disputed by Defendant, it "shows most, if not all, of the relevant events and participants" surrounding the alleged assault. As such, I find that its "impeachment value . . . appears minimal compared to its substantive value as what actually occurred on the date of the incident," *DeHart*, 2006 WL 83405, at *2, and that "whatever element of 'surprise' remains does not outweigh the [Plaintiff's] right to have a valid discovery request that has been outstanding for some time complied with in advance of the depositions." *Ghazzaoui*, 2015 WL 13845451, at *2.

As a final matter, I note that Plaintiff does not substantively oppose the relief requested in ECF No. 45, Defendant's Motion for Leave to Depose Deponent Confined in Prison by Remote Means.[3] Rather, Plaintiff has refused to schedule the deposition until the present dispute over production of the video is resolved. Because I find that granting leave to depose Plaintiff is consistent with Fed. R. Civ. P. 26(b)(1) and (2), I must grant the motion to depose Plaintiff, who is "confined in prison." Fed. R. Civ. P. 30(a)(2)(B). I further find that there is good cause to take the deposition by remote means, and I will grant that relief as well. Fed. R. Civ. P. 30(b)(4).

For the foregoing reasons, it is hereby ORDERED that ECF No. 51, construed as Plaintiff's motion to compel discovery of the video, is GRANTED. ECF No. 47 is DENIED AS MOOT. It is further ORDERED that Defendant shall produce to Plaintiff copies of all materials responsive to Plaintiff's Request for Production of Documents No. 2 within 10 days. And it is further ORDERED that, following production of these materials, the parties shall promptly meet and confer to schedule the remote deposition of Plaintiff at his place of confinement. Defendant is then DIRECTED to submit an updated version of the proposed order accompanying ECF No. 45, reflecting the agreed-upon date and location of the deposition.

Despite the informal nature of this letter, it will constitute a Memorandum Opinion and Order of the Court and should be docketed accordingly.

Sincerely,

*/s/*
Douglas R. Miller
United States Magistrate Judge

---

[3] I do not find that the filing of ECF No. 45 contravened my Standing Order, although I subsequently directed the parties to use my informal discovery dispute resolution procedure in the event Plaintiff opposed the motion. Because leave of court is required to take the deposition of an incarcerated person, there is no alternative to filing a formal motion even where the parties are in agreement.